

FILED
CLERK, U.S. DISTRICT COURT
DEC 14 2017
CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2017 Grand Jury

| UNITED STATES OF AMERICA, | No. CR 17-CR00776-GW |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| ANNA VISHNEVSKY and EDDIE HERNANDEZ, | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE THROUGH ELEVEN

[18 U.S.C. §§ 1347, 2]

A.  INTRODUCTORY ALLEGATIONS

1.  At all times relevant to this Indictment:

The Co-Schemers

   a.   Defendant ANNA VISHNEVSKY ("VISHNEVSKY") was a resident of Los Angeles, California, and she owned and operated a sleep study clinic in Los Angeles, California under the name Atlas Diagnostic Services, Inc. and ADA Services, Inc. (collectively, "Atlas").

b.  Defendant EDDIE HERNANDEZ ("HERNANDEZ") was a resident of various cities in Los Angeles County, California, and he worked for the United Parcel Service ("UPS") as a driver out of a distribution center in Gardena, California, recruiting patients for Atlas through his work at UPS.  Defendant HERNANDEZ also owned and operated Eddie C. Hernandez Consulting, Inc. ("Hernandez Consulting"), and maintained bank accounts in the name of that company.

Health Care Benefit Programs

c.  Employers, including UPS and Costco, established employee health care benefit plans to provide health care benefits to their employees and employees' qualifying dependents.

d.  The health care benefit plans, including the plans that UPS and Costco established for their employees, were health care benefit programs (the "health care benefit programs"), affecting interstate commerce, that provided medical benefits, items, and services to employees and their qualified dependents.

e.  The employees who qualified for benefits under the health care benefit programs were commonly referred to as plan "members" or "participants."

f.  Health care providers that provided services covered by the health care benefit programs were commonly referred to as "providers."

g.  The health care benefit programs required, as a condition of coverage, that a claim for benefits set forth, among other things, the name of the participant, the participant's identification number, the participant's address, the participant's policy group number, the insurance plan name, the name of the

patient, the patient's address, the patient's date of birth, the name of the referring physician, identification of the service(s) provided, the date(s) of the service(s) provided, and charges billed.

      h.    The health care benefit programs reimbursed providers only for services that were medically necessary and that the provider had in fact provided.

      i.    To submit a claim for covered benefits under health care benefit programs, a provider was required to submit information on a claim form (Form 1500), on which the provider was required to be truthful, complete, and not misleading.

B.   THE SCHEME TO DEFRAUD

    2.    Beginning on a date unknown but no later than in or about March 2014, and continuing to at least in or about June 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants VISHNEVSKY and HERNANDEZ, together with others known and unknown to the Grand Jury, aiding and abetting each other, knowingly, willfully, and with intent to defraud, executed and attempted to execute a scheme and artifice: (a) to defraud health care benefit programs as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from health care benefit programs by means of materially false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

    3.    The fraudulent scheme was carried out, in substance, in the following manner:

  a. Defendants VISHNEVSKY and HERNANDEZ, and others working with them and at their direction, recruited patients by offering cash for those patients' participation in sleep study testing at Atlas, as well as additional cash for bringing dependents and referring co-workers to Atlas for sleep study testing.

  b. Defendants VISHNEVSKY and HERNANDEZ, and others working with them and at their direction, recruited patients for sleep study testing knowing that no doctor had prescribed sleep study testing for the patients or otherwise determined that such testing was medically necessary, and regardless of whether it was prescribed or medically necessary.

  c. The recruited patients underwent a single night of purported sleep study testing at Atlas, which defendant VISHNEVSKY and others working with her and at her direction represented was successful, even if patients reported they had been unable to sleep during the study.

  d. After the purported testing was completed, defendant VISHNEVSKY failed to score the resulting data or have that data scored, and otherwise failed to provide the data to anyone that could have scored or interpreted the data, as required for diagnosis and treatment, and she further failed to provide test results to patients and/or their physicians, even upon request.

  e. Defendant VISHNEVSKY submitted and caused to be submitted insurance claims for sleep study testing performed on the recruited patients, billing not only for the one night of sleep study testing (regardless of medical necessity and the lack of scoring or interpretation), but also, in most instances, for an additional, consecutive night of sleep study testing that was never performed.

f.  In the insurance claims that defendant VISHNEVSKY submitted and caused to be submitted, she listed physicians that had never treated the recruited individuals much less prescribed sleep study testing for them.

g.  As a result of the fraudulent billings, checks were mailed to Atlas as payment on the fraudulent billings, and for the UPS employees, checks were also mailed to patients, who subsequently endorsed checks or remitted payments to Atlas, defendant HERNANDEZ, and Hernandez Consulting, at defendant HERNANDEZ's instruction.

h.  Defendant VISHNEVSKY paid defendant HERNANDEZ and others working with her and at her direction from bank accounts maintained in Atlas's name, knowing that some of the money would be used for patient recruitment, as discussed above, including cash payments to patients who came to Atlas for sleep study testing and brought or referred others.

C.  EXECUTION OF THE SCHEME TO DEFRAUD

4.  On or about the dates set forth below, within the Central District of California, and elsewhere, defendants VISHNEVSKY and HERNANDEZ, together with others known and unknown to the Grand Jury, aiding and abetting each other, executed and attempted to execute the fraudulent scheme described above, knowingly, willfully, and with the intent to defraud, by submitting and willfully causing to be submitted the following false and fraudulent claims for sleep study testing purportedly provided to the individuals identified below:

| COUNT | DATE CLAIM SUBMITTED | CLAIM NUMBER | CLAIMED DATE OF SERVICE | AMOUNT OF CLAIM | PATIENT |
|---|---|---|---|---|---|
| ONE | 3/6/2014 | EBY0DCDMW00 | 3/3/2014 | $10,000 | R.S. |

| COUNT | DATE CLAIM SUBMITTED | CLAIM NUMBER | CLAIMED DATE OF SERVICE | AMOUNT OF CLAIM | PATIENT |
|---|---|---|---|---|---|
| TWO | 4/7/2014 | E1TWC8ZNT00 | 3/30/2014 | $8,000 | C.P. |
| THREE | 8/25/2014 | EGJLG9SK300 | 8/15/2014 | $10,000 | G.F. |
| FOUR | 9/8/2014 | EMJLHK3J700 | 8/19/2014 | $10,000 | M.S. |
| FIVE | 9/8/2014 | EGJHLN2G00 | 8/29/2014 | $9,500 | Y.R. |
| SIX | 9/8/2014 | E5TWGX2XQ00 | 8/30/2014 | $9,500 | S.A. |
| SEVEN | 11/11/2014 | EK35JQ8B800 | 7/14/2014 | $10,000 | J.N. |
| EIGHT | 1/27/2015 | 15031259463 | 1/24/2015 | $10,500 | A.P. |
| NINE | 2/1/2015 | 15042139948 | 2/1/2015 | $10,500 | S.O. |
| TEN | 5/23/2015 | 15148122387 | 5/23/2015 | $10,500 | R.P. |
| ELEVEN | 11/23/2015 | 15350135518 | 11/22/2015 | $9,950 | C.S. |

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Federal Rule of Criminal Procedure 32.2(a), notice is hereby given that upon conviction of any of the offenses set forth in Counts One through Eleven of this Indictment, each defendant so convicted shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the following:

   a.  All right, title and interest in any property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of each such violation, or property traceable to such property; and/or

   b.  To the extent such property is not available for forfeiture, a sum of money equal to the total value of property described in paragraph 1(a).

2.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, Section 2461(c), each defendant so convicted shall forfeit substitute property, up to the total value of the property described in paragraph 1 if, by any act or omission of the defendant, the property described in paragraph 1 or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been

//
//

7

commingled with other property that cannot be divided without difficulty.

                                      A TRUE BILL

                                      /s/
                                  Foreperson

SANDRA R. BROWN
Acting United States Attorney


LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE S. CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

JILL FEENEY
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KERRY L. QUINN
Assistant United States Attorney
Major Frauds Section